Lauriat, J.
Petitioner Middlesex Sheriffs Office has entered into a bargaining agreement (“the Agreement”) with respondent, IBCO, Local RI-193 (“IBCO”), the recognized employee organization for corrections officers employed by the petitioner. The Agreement contains an arbitration clause. On November 13, 2002, IBCO demanded arbitration with the American Arbitration Association on behalf of corrections officer Shane Cassidy, charging that the petitioner’s appointments of deputy sheriffs violated the parties’ agreement not to discriminate against employees based on membership in the Union or race, color, religious belief, national origin, age, sex, and/or disability. The petitioner has now applied to this court to stay the arbitration demanded by IBCO. For the following reasons, the petitioner’s motion is allowed.
DISCUSSION
Whether an agreement creates a duty to arbitrate is “undeniably an issue for judicial determination . . . unless the parties clearly and unmistakably provide otherwise.” Local Union No. 1710, Intern. Ass’n of Fire Fighters, AFL-CIO v. City of Chicoppee, 430 Mass. 417, 421 (1999), quoting AT&T Techs, Inc. v. Communications Workers, 475 U.S. 643, 649 (1986). In Local Union No. 1710, the Supreme Judicial Court held that where an arbitration clause is not broad, the court must be sure that the parties contracted to arbitrate the issue at hand. 430 Mass, at 422. An arbitration clause cannot be called broad where it contains words of limitation. Id.
The arbitration clause contained in the Agreement is not broad because it contains words of limitation. Specifically, the Agreement provides in Article IV, §7, that
The arbitrator . . . shall have the power to make determinations of fact on the question submitted to him and apply them to the provisions of the agreement alleged to have been violated, so long as the matter is one which is subject to arbitration under the terms of this agreement... No arbitrator shall have jurisdiction or authority to add to, take from, nullify or modify any of the terms of this agreement or to impair any of the rights reserved to management under the terms hereof, either directly or indirectly, under the guise of interpretation; nor shall he have the power or authority to make a decision, which involves any manner, which by law is within the exclusive authority of the employer, nor shall he have the power to substitute his discretion for that of management in any matter where management has not contracted away its right to exercise discretion. No such decision may include ordeal with any issue which is not expressly made subject to arbitration under the terms of this agreement.
(Emphasis added.)
The language in the Agreement specifically limits the parties’ right to arbitrate only matters which are specifically subject to arbitration under the terms of the Agreement. See Middlesex Sheriffs Office v. IBCO, Local RI-193, Civil No. 03-3072 (Super. Ct. August 28, 2002) (Gershengorn, J.). The arbitration clause does not state that all disputes regarding the agreement are subject to arbitration, which is characteristic of a broad arbitration clause. See Local Union No. 1710, 430 Mass, at 422.
General Law c. 150C, §2(b) authorizes a Superior Court judge to stay an arbitration proceeding, either commenced or threatened, if it finds that, “the claim sought to be arbitrated does not state a controversy covered by the provision for the arbitration.” See Berkshire Hills Regional School Dist. Comm. v. Berkshire Hills Education Assoc., 375 Mass. 522 (1978).
*79 The arbitration provision set forth in the Agreement specifically prohibits the arbitrator from deciding any matter “which by law is within the exclusive authority of the employer.” General Law c. 37, §3 authorizes petitioner to appoint its deputies.[1] The statute clearly confers upon the petitioner the discretion in the selection and appointment of his deputies. See Globe Newspaper Co. v. Superior Court, 379 Mass. 846 (1980) (holding the word “may” in statutory construction tends to connote discretion). Because appointment of deputies is, by statute, within the discretion of the petitioner, and because the arbitrator is prohibited from deciding any matter “within the exclusive authority of the employer,” IBCO’s claim is not a “controversy covered by the provision for arbitration” pursuant to G.L.c. 150C, §2(b). Accordingly, this court will stay the pending arbitration.
ORDER
For the foregoing reasons, the Middlesex Sheriffs Office’s G.L.c. 150C, §2(b) Application to Stay the IBCO’s Impending Arbitration on Behalf of Grievant Shane Cassidy Because the IBCO’s Underlying Dispute Cannot Lawfully be Submitted to Arbitration is ALLOWED.

 “A sheriff may appoint deputies, who shall be sworn before performing any official act.”